UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

CHRISTINE CORONADO,

Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

Defendant.

Case No.:  3:15-cv-00664-WQH-NLS

**REPORT AND
RECOMMENDATION FOR ORDER
DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT; AND
GRANTING DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT**

**(Dkt. Nos. 14, 17)**

Plaintiff Christine Coronado ("Plaintiff") brings this action under the Social Security Act, 42 U.S.C. sections 405(g) and 1383(c)(3), to seek judicial review of the Commissioner of Social Security's ("Defendant") decision to deny her claims for disability insurance benefits and supplemental security income benefits.  This case was referred for a report and recommendation on the parties' cross motions for summary judgment.  *See* 28 U.S.C. § 636(b)(1)(B).  After carefully considering the papers submitted, the administrative record, and the applicable law, the Court **RECOMMENDS** Plaintiff's Motion for Summary Judgment be **DENIED**, and Defendant's Motion for Summary Judgment be **GRANTED**.

## I.   Background

Plaintiff previously worked from 1993 to December of 2009 as an administrator who worked with the developmentally disabled.  As an administrator, she did "hands on" work with clients, which included physically retraining patients, administering medications, paperwork, cooking, cleaning, and meeting with social workers, doctors and parents.  (AR 35-36.)  At the time of the hearing Plaintiff was 44 years old, five feet and five inches tall, and weighed 250 pounds.  (AR 34, 43-44.)

### a.  Procedural and Factual History

Plaintiff filed an application for disability insurance benefits under Title II and an application for supplemental security income under Title XVI on October 10, 2012.  Plaintiff alleged disability beginning December 1, 2009, in both applications.  Those applications were initially denied and denied on reconsideration.

Plaintiff requested a hearing before an administrative law judge ("ALJ").  A hearing was held on September 16, 2014.  Plaintiff and her attorney appeared and testified at the hearing.  Lay witness Nina LaPinto and vocational expert ("VE") Nelly Katsell also testified at the hearing.

On November 15, 2014, the ALJ issued a decision finding that Plaintiff is not disabled under sections 216(i) and 223(d) of the Social Security Act and under section 1614(a)(3)(A) of the Social Security Act.  (AR 23.)  Plaintiff requested the Appeals Council review the ALJ's decision.  That request was denied and the ALJ's decision became the final decision of Defendant.

On March 25, 2015, Plaintiff filed her Complaint under 42 U.S.C. sections 405(g) and 1383(c)(3) to seek review of the Defendant's decision to deny her social security disability and supplemental security income benefits.  (Dkt. No. 1 at 1.)  Plaintiff contends she is disabled and that the Defendant's conclusions and findings of fact are not supported by substantial evidence and are contrary to law and regulation.  (Id. at 2.)

The parties filed cross-motions for summary judgment.  Plaintiff asks the Court to reverse Defendant's decision and find her entitled to disability benefits.  (Id. at 3.)

Defendant contends the ALJ's decision should be upheld because it is supported by substantial evidence and free from material or reversible legal error.  (Dkt. No. 17-1 at 9.)

### b.  The Sequential Evaluation Process

To qualify for benefits under the Social Security Act, an applicant must show that he or she cannot engage in any substantial gainful activity because of a medically determinable physical or mental impairment that has lasted or can be expected to last at least 12 months.  The Social Security regulations establish a five-step sequential evaluation for determining whether an applicant is disabled under this standard.  20 C.F.R. § 404.1520(a).[1]  The Ninth Circuit summarized the five-step sequential process for evaluating disability determinations as follows:

> The five-step process for disability determinations begins, at the first and second steps, by asking whether a claimant is engaged in 'substantial gainful activity' and considering the severity of the claimant's impairments. [] If the inquiry continues beyond the second step, the third step asks whether the claimant's impairment or combination of impairments meets or equals a listing … and meets the duration requirement. [] If so, the claimant is considered disabled and benefits are awarded, ending the inquiry. See id. If the process continues beyond the third step, the fourth and fifth steps consider the claimant's 'residual functional capacity' in determining whether the claimant can still do past relevant work or make an adjustment to other work.

*Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013) (citations omitted); *see also Garrison v. Colvin,* 759 F.3d 995, 1010-1011 (9th Cir. 2014) (discussing the sequential process in greater length).

### c.  The ALJ's Decision

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since the alleged onset date of December 1, 2009.  (AR 14.)  At step two, the ALJ found

---

[1] The relevant disability insurance benefits regulations and supplemental security income regulations are largely the same, and so the Court cites only to the disability insurance benefits regulations in this Report.

Plaintiff has the following severe impairments: diabetes mellitus, chronic lumbar strain, mild cervical degenerative disc diseases at C5-6, mild left shoulder impingement, bilateral carpal tunnel syndrome status post satisfactory release on the right with residual carpal tunnel syndrome on the left, and obesity.  (Id.)

At step three, the ALJ determined Plaintiff does not have an impairment or combination of impairments that meet or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  The ALJ further determined Plaintiff has the residual functional capacity ("RFC") to "perform medium work as defined in 20 C.F.R. 404.1567(c) and 416.967(c)."  He found Plaintiff "can lift and carry 50 pounds occasionally and 25 pounds infrequently, stand/walk six hours of an eight-hour workday and sit for six hours of an eight-hour workday, with push/pull limitations equal to lift and carry limitation, and postural limitations to climb, stoop, kneel, and crouch frequently, as well as manipulative limitations to fine manipulation and fingering only frequently, due to problems with mild carpal tunnel syndrome in the left hand, and due to the mild impingement syndrome of the left shoulder, a limitation to work with the left arm above shoulder level only frequently."  (AR 16.)

At step four, the ALJ found Plaintiff is capable of performing past relevant work as a child attendant, administrative assistant and home health aide.  (AR 23.)  The ALJ concluded that Plaintiff has not been under a disability as defined in the Social Security Act from December 1, 2009 through the date of the decision.  (Id.)

### d.  Evidence of Record

Both parties agree that the ALJ sufficiently summarized the medical evidence of record.  (*See* Dkt. No. 14-1 at 3 and Dkt. No. 17-1 at 2 (agreeing ALJ appropriately summarized the medical records.)  The Court refers to specific evidence from the record where pertinent to the Court's analysis in the Discussion section of this Report.

## II.   Standard of Review

The Social Security Act provides for judicial review of a final agency decision denying a claim for disability benefits.  42 U.S.C. § 405(g).  A reviewing court must

affirm the denial of benefits if the agency's decision is supported by substantial evidence and applies the correct legal standards.  *Batson v. Comm'r of the Social Security Admin*., 359 F.3d 1190, 1193 (9th Cir. 2004).  Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2001) (citation omitted).  If the evidence is susceptible to more than one reasonable interpretation, the agency's decision must be upheld.  *Id.; Batson*, 359 F.3d at 1193.  The reviewing court cannot reinterpret or re-evaluate the evidence however much a re-evaluation may reasonably result in a favorable outcome for the plaintiff.  *See Batson*, 359 F.3d at 1193.

## III.   Discussion

Plaintiff asserts the ALJ erred by failing to properly consider all of Plaintiff's combined impairments.  (Dkt. No. 14-1 at 6.)  She argues that the ALJ made almost no findings regarding her obesity and failed to properly consider the extent to which her obesity caused or exacerbated her other impairments.  She also argues the ALJ's decision is not supported by substantial evidence because he relied on the vocational expert's testimony, and the vocational expert allegedly improperly divided Plaintiff's past relevant work into separate job classifications.  Defendant opposes Plaintiff's arguments and avers substantial evidence supported the ALJ's evaluation, and that Plaintiff fails to prove reversible error.  The Court addresses the parties' contentions below.

### a.  Obesity

Plaintiff argues the ALJ failed to properly consider her combination of impairments, particularly her extreme obesity, and the impact her obesity had on her other impairments as required by Social Security Ruling, SSR 02-1p.  (Dkt. No. 14-1 at 5-8.)  Plaintiff argues the ALJ did not consider and implicitly make findings regarding the extent to which her obesity contributed to the limitations of her RFC.  (Dkt. No. 18 at 2.)  Plaintiff argues that if her impairments had been properly considered, including her obesity, she would have retained the RFC to perform less than a full range of sedentary work.  (Dkt. No. 14-1 at 8.)

3:15-cv-00664-WQH-NLS

Defendant contends substantial evidence supported the ALJ's evaluation that Plaintiff was not disabled.  Defendant avers the ALJ properly evaluated Plaintiff's obesity impairment and found Plaintiff did not prove disability by that impairment or in combination with other impairments.  (Dkt. No. 17-1 at 4.)  Defendant also recounted the ALJ's analysis as to Plaintiff's impairments and that they did not restrict her RFC further than he assessed, and that the ALJ reasonably gave significant weight to examining orthopedist Thomas Sabourin, M.D.'s findings and opinion, which concluded Plaintiff could perform medium exertional work, was limited to frequent overhead reaching to the left, and frequent fine and gross manipulation in the left hand. (Id. at 5-7).  Defendant also argues the ALJ reasonably gave significant weight to psychiatric examiner Alan Berkowitz, M.D. who concluded she was able to perform tasks, maintain a regular workweek, socially interact with others and sustain ordinary routine.  (Id. at 7.)

Defendant argues the ALJ discussed his evaluation of Plaintiff's obesity, and found that while it exacerbated her diabetes, it did not adversely affect her pulmonary, cardiovascular, endocrine, or musculoskeletal functioning or her physical endurance, or restrict her beyond the RFC he assessed.  (Dkt. No. 19 at 1.)  Defendant argues Plaintiff fails to prove the ALJ did not comply with SSR 02-1p.  (Dkt. No. 19 at 2, *citing Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997) ("the key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding that claimant is not disabled").

The Social Security Administration's SSR 02–1p provides guidance for evaluating disability based on obesity because it is no longer a listed impairment under Titles II and XVI of the Social Security Act.  SSR 02-1p, 2002 WL 34686281 at *1.  The Ruling "emphasizes that obesity is still a 'medically determinable impairment,' instructs adjudicators 'that the combined effects of obesity with other impairments can be greater than the effects of each of the impairments considered separately,' and further instructs adjudicators 'to consider the effects of obesity not only under the listings but also when

assessing a claim at other steps in the sequential evaluation process, including when assessing an individual's residual functional capacity.'" *Arellano v. Astrue*, 2012 WL 2923163, at *3 (D. Idaho July 18, 2012) (discussing and quoting SSR 02-1p). The Ruling "notes that '[t]he combined effects of obesity with other impairments *may* be greater than might be expected without obesity.'" *Id.* (emphasis added). "Whenever obesity is found to be an impairment, any functional limitations resulting from the obesity must be considered in the RFC assessment along with any limitations from other identified impairments." *Id.* (discussing and quoting SSR 02-1p). Social Security rulings "are interpretative rulings and do not have the force of law." *Chavez v. Dep't of Health & Human Servs.*, 103 F.3d 849, 851 (9th Cir. 1996). Courts "defer to Social Security Rulings, however, unless they are plainly erroneous or inconsistent with the Act or regulations." *Id.*

Here, the Court concludes the ALJ adequately considered Plaintiff's obesity when he assessed her RFC. The SSR 02-1p explains that "[An ALJ] will not make assumptions about the severity or functional effects of obesity combined with other impairments. Obesity in combination with another impairment *may or may not* increase the severity or functional limitations of the other impairment. [The ALJ] will *evaluate each case based on the information in the case record*." *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005) (emphasis added). That is what the ALJ did. The ALJ cited to SSR 02-1p and expressly acknowledged he was considering Plaintiff's obesity as required by that ruling. (AR 19.) He cited to the record, and explained it showed Plaintiff's obesity exacerbated her diabetes. (AR 20.) He also used information from the case record in noting that Plaintiff's weight was 258 pounds in April of 2010, with a body mass index score of 42.9, such that her level was termed "extreme" obesity under the National Institutes of Health medical criteria. He explained that while the level describes the extent of obesity, it does not correlate with any specific degree of functional loss. (AR 20.) The ALJ further cited to other instances in the record noting that her weight peaked at 262 pounds in December of 2010, and then dropped to 230 pounds by February of 2014. (AR 20.)

The ALJ stated that he "considered the claimant's obesity as required by Social Security Ruling 02-1p, and finds that the claimant's obesity does not adversely affect pulmonary, cardiovascular, endocrine or musculoskeletal functioning, nor physical endurance or exertional capacity for the residual functional capacity found herein." (AR 20.)

There is no evidence in the record that states Plaintiff's obesity limits her functioning; indeed, the treatment notes and diagnoses do not address limitations due to obesity. Rather, the evidence in the record relating to her obesity consists of notes from doctors that observed Plaintiff's weight or noted that Plaintiff is obese. The ALJ reviewed and considered those records in issuing the decision. (*See* AR, *passim* (citing to exhibits in the record noting Plaintiff's weight and/or that she is obese, including Exhs. 13F, 16F, 17F, 22F, 23F, 24F, 25F, 26F, 29F, and 34F).) The ALJ considered all the evidence and concluded that her obesity did not affect her functioning or capacity for the RFC assessed for Plaintiff. In sum, based on the record the ALJ adequately considered Plaintiff's obesity in his RFC determination to the extent required.

### b. Vocational Expert Testimony

At the hearing before the ALJ, Plaintiff testified that from approximately 1993 through December of 2009 she worked as an administrator and worked with the developmentally disabled. (AR 35.) Plaintiff testified that as an administrator, she did hands on work with clients she and others took care of, such as physically restraining patients when necessary, passing medications, completing paperwork, cooking and cleaning, and meeting with social workers, doctors and parents. (AR 35-36.)

The VE, Nelly Katsell, testified that she classified Plaintiff's past work into two jobs, as administrative clerk (219.362-010, SVP 4, light), and as an attendant at a children's institution (359.677-010, SVP 3, medium). (AR 52.) Upon hearing that Plaintiff worked with adults, the VE also identified the classification of home health aide (355.674-014, SVP 4, medium). (AR 55.)

1    The ALJ presented a hypothetical with the same education, prior work experience,

2    and RFC as Plaintiff.  The VE testified that such a person could do Plaintiff's past work

3    as an administrative clerk and as a home health aide.   (AR 56-57.)

4    Under a second hypothetical, which imposed more restrictive limitations of lifting

5    and carrying 20 pounds occasionally and 10 pounds frequently, and occasional stooping,

6    crouching, kneeling, crawling or climbing, and occasional overhead reaching, the VE

7    testified such a person could not perform the work listed above, but could perform the

8    work of an administrative clerk.   (AR 57-58.)

9    In the decision following the hearing, the ALJ determined Plaintiff is capable of

10   performing past relevant work as a child attendant, administrative assistant and home

11   health aide.  The ALJ stated that in comparing Plaintiff's RFC "with the physical and

12   mental demands of past work, she is able to perform the duties of all past work as

13   actually and generally performed."  (AR 23.)

14   Plaintiff argues the ALJ failed to base his decision on substantial evidence because

15   he mistakenly represents the vocational expert's testimony and uses that testimony to

16   conclude Plaintiff can perform her past relevant work as a child attendant, administrative

17   assistant, and home health aide.  (Dkt. No. 14-1 at 8-9.)  Plaintiff argues the vocational

18   expert tried to divide up Plaintiff's past relevant work into two separate components (one

19   administrative/clerical, and the other physical) with different DOT classifications, but

20   that Plaintiff's jobs as she performed them cannot be split up.  (Id. at 9.)  Plaintiff

21   contends that to split up the components would be to find she can do past relevant work

22   based on "generic occupational classifications."  She contends this contravenes Social

23   Security Ruling 82-61, which provides that "finding a claimant has the capacity to do

24   past relevant work on the basis of a generic occupational classification … is likely to be

25

26

27

28

1  fallacious and unsupportable," and that this was noted by the Ninth Circuit in *Valencia v.*

2  *Heckler,* 751 F.2d 1082 (9th Cir. 1985).[2]  (Dkt. No. 18 at 3.)

3      Plaintiff also argues the vocational expert identified the job of "administrator"

4  under the Dictionary of Occupational Titles ("DOT") 195.167-050 as being within the

5  hypothetical RFC.  (Dkt. No. 14-1 at 9 (citing AR 58).)  Plaintiff contends the state

6  agency previously found Plaintiff was specifically unable to perform this work and the

7  ALJ had no basis for ignoring this finding.  (Id. at 9.)

8      Defendant avers the ALJ did not err by relying on the VE's assessment that her

9  past work was a combination of three jobs because all the jobs were within her physical

10  and mental RFC for medium work with no mental restrictions.  (Dkt. No. 17-1 at 8.)

11  Defendant contends Plaintiff fails to point to any authority that a VE cannot categorize a

12  claimant's past position as multiple jobs if no single classification exists for the

13  claimant's past job.  (Dkt. No. 19 at 3.)  She further argues Plaintiff's reliance on

14  *Valencia* is distinguishable because there, the ALJ erred when he classified the past

15  relevant work based on the least demanding function of the claimant's past occupations,

16  whereas here, the ALJ found Plaintiff could perform medium work, and not just the least

17  demanding function.  (Id. at 4.)

18      "At step four, claimants have the burden of showing that they can no longer

19  perform their past relevant work…. Although the burden of proof lies with the claimant

20  at step four, the ALJ still has a duty to make the requisite factual findings to support his

21  conclusion…. This is done by looking at the 'residual functional capacity and the

22  physical and mental demands' of the claimant's past relevant work."  *Pinto v. Massanari,*

23  249 F.3d 840, 845 (9th Cir. 2001) (citations omitted).  "The claimant must be able to

24

25  ────────────

26  [2] The Court reviewed *Valencia*, and contrary to Plaintiff's contention, the Ninth Circuit

27  did not discuss SSR 82-61 in that case.  The SSR 82-61 does, however, note that "finding a claimant can do past relevant work based on a broad generic occupational classification

28  of the work is likely to be fallacious and unsupportable."

perform: 1. The actual functional demands and job duties of a particular past relevant job or 2. The functional demands and job duties of the occupation as generally required by employers throughout the national economy." *Id.* (citation omitted).  The Ninth Circuit has "never required explicit findings at step four regarding a claimant's past relevant work both as generally performed *and* as actually performed. The vocational expert merely has to find that a claimant can or cannot continue his or her past relevant work as defined by the regulations above*." Id.,* citing *Villa v. Heckler*, 797 F.2d 794, 798 (9th Cir. 1986) ("the claimant has the burden of proving an inability to return to his former *type* of work and not just to his former job.") (emphasis added).

Here, the Court finds Plaintiff's reliance on *Valencia v. Heckler* for the proposition that the ALJ improperly parsed out her job duties is misplaced because *Valencia* is distinguishable. *Id.,* 751 F.2d 1082 (9th Cir. 1985).  In *Valencia*, the plaintiff held past jobs as a kitchen helper and as an agricultural worker.  Both positions were classified as primarily "medium" exertional work, but also included occasionally doing "light" work sorting tomatoes. *Id.* at 1086.  The Ninth Circuit held the ALJ improperly characterized the plaintiff's past relevant work as consisting entirely of light work based on tomato sorting. *Id.*  The ALJ improperly excluded from consideration other medium level exertional agricultural work that was required for the job. *Id.* ("To classify an applicant's 'past relevant work' according to the least demanding function of the claimant's past occupations is contrary to the letter and spirit of the Social Security Act.")

Here, unlike *Valencia*, the ALJ did not classify Plaintiff's occupation based on the least demanding function.  Nor did the ALJ classify Plaintiff's occupation based on broad generic descriptions.  Instead, the ALJ considered Plaintiff's description of past relevant work as it was actually performed.  He also relied upon other resources such as the DOT and the VE's testimony to determine how that work was generally performed.  (AR 23 (referencing DOT and testimony from VE), *see also* AR 55 (posing hypothetical based on same education and prior work experience as claimant).  The ALJ assessed Plaintiff's RFC as being capable of performing medium work with no mental restrictions.  (AR 14-

16.)  All the required demands of the three jobs identified by the VE fell within or were more restrictive than the RFC limitations assessed.  Thus, the ALJ did not err by determining Plaintiff could perform all the functional demands and requirements of her past relevant work based on this evidence.

Plaintiff asserts an unavailing argument that the ALJ gave no basis for ignoring the state agency's finding that Plaintiff cannot perform the work of an administrator.  (Dkt. No. 14-1 at 9, citing AR 58.)  Contrary to Plaintiff's assertion, a review of the transcript shows the VE did not testify that Plaintiff could do the position of administrator and also did not cite to DOT 195.167.050.  (AR 58.)   Rather, the VE testified that Plaintiff could do the work of an "administrative clerk," which the VE had previously identified under 219.362-010.  Moreover, the VE's testimony that Plaintiff could perform past relevant work as an administrative clerk under the more restrictive hypothetical is not material to the analysis because the RFC limitation assessed by the ALJ for Plaintiff did not include those additional restrictions.

Lastly, the Court disagrees with Plaintiff's contention that the VE was required to further elaborate on whether her opinion was based on the manner in which the job is normally performed in the national economy.  (Dkt. No. 14-1 at 9.)  The VE's testimony was based on the DOT, and the Social Security Administration "accepts the DOT definitions as reliable evidence of the functional demands and job requirements of work in the national economy."  Soc. Sec. Disab. Law & Proc. in Fed. Ct., § 3:38, *citing Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007).

In sum, substantial evidence in the record supports the ALJ's determination at step four of the sequential process that Plaintiff could perform her previous relevant work as actually and generally performed in the national economy.

## IV.    Conclusion

Based on the preceding discussion, this Court concludes that the ALJ's denial of benefits is supported by substantial evidence and that Plaintiff failed to prove reversible error.  Accordingly, the Court **RECOMMENDS** that Plaintiff's motion for summary

judgment be **DENIED**, and that Defendant's cross motion for summary judgment be **GRANTED**.

This Report and Recommendation is submitted to the United States district judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).  Any party may file written objections with the Court and serve a copy on all parties on or before **May 11, 2016**. The document should be captioned "Objections to Report and Recommendation."  Any response to the objections shall be filed and served on or before **May 25, 2016**.  The parties are advised that any failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  *Baxter v. Sullivan,* 923 F.2d 1391, 1394 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated:  April 27, 2016

Hon. Nita L. Stormes
United States Magistrate Judge